**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DEBORAH WINEBERGER,

    Plaintiff,

v.                                                                      Case No: 5:14-cv-653-Oc-30PRL

RACETRAC PETROLEUM, INC.,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Doc. 7), Defendant's response in opposition thereto (Doc. 11), Defendant's Motion to Dismiss (Doc. 5), and Plaintiff's response in opposition thereto (Doc. 8). The Court having reviewed the motions and responses, and being otherwise fully advised in the premises, concludes that Plaintiff's motion to remand should be denied and Defendant's motion to dismiss should be granted without prejudice to Plaintiff to file an amended complaint.

## BACKGROUND

On October 22, 2014, Plaintiff initiated this action against Defendant, her former employer, for violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.01-.11, in the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida. (Doc. 1). In her complaint, Plaintiff alleges claims of employment discrimination pursuant to the FCRA against Defendant based on age (Count I) and disability (Count II).

(Doc. 2). Plaintiff, who is over fifty-five years old, was employed as an associate with Defendant from some unspecified time in 2008 until May 2013. (*Id.*). Plaintiff suffers from diabetes and neuropathy, and Defendant was aware of Plaintiff's diabetic condition. (*Id.* at 1-2).

While working for Defendant, Plaintiff alleges that she applied for management positions and inquired about promotions to management, but when she asked if there was an age limit on eligibility for promotion, a store manager responded, "Younger associates catch on faster than [older] associates." (*Id.* at 2). Plaintiff also alleges that her manager began reducing her hours in order to replace Plaintiff with a younger employee. (*Id.* at 3). Finally, Plaintiff contends that she was fired for not paying for merchandise and for taking steps to treat her medical condition, when a thirty-year-old employee who had stolen merchandise was merely transferred. (*Id.* at 4). As a result of this alleged discriminatory conduct, Plaintiff seeks to recover back pay, front pay (or reinstatement), punitive damages, and damages for emotional distress, pain and suffering, and mental anguish, pre- and post-judgment interest, costs, and attorney's fees. (*Id.* at 7, 9).

On November 11, 2014, Defendant filed a notice of removal based on diversity jurisdiction. (Doc. 1). Defendant avers that the parties are diverse and Plaintiff's damages exceed the amount-in-controversy requirement. (Doc. 1). In support of its notice of removal, Defendant filed the Declaration of Joseph H. Akers, Defendant's general counsel, vice president, and assistant secretary, who reviewed Plaintiff's personnel records and reported that Plaintiff's average gross monthly income for the year preceding her termination was $1,055.85. (Doc. 1, Ex. C). Plaintiff now seeks to remand this case to

state court arguing that Defendant has failed to satisfy its burden of establishing that the amount in controversy exceeds the jurisdictional threshold of $75,000. (Doc. 7). In the event Defendant has established diversity jurisdiction, Defendant seeks dismissal of Plaintiff's complaint, arguing that Plaintiff has failed to establish a claim for age discrimination, disability discrimination, or retaliation under the FCRA. (Doc. 5). Alternatively, Defendant requests that the Court strike certain portions of Plaintiff's complaint. (Doc. 5 at 13-17).

## DISCUSSION

### I. Motion to Remand

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute that complete diversity of citizenship exists. Rather, the sole issue is whether Defendant has established that the amount in controversy exceeds $75,000.

When damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds . . . the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation and internal quotation marks omitted). However, a removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should first look to the complaint. *Id.* If the amount is unascertainable from the complaint, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to the motion to remand. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). In *Pretka v. Kolter City Plaza II, Inc.*, the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal.[1] 608 F.3d at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of the complaint . . . establishes the jurisdictional amount." *Id.* at 770 (citation and internal quotation marks omitted). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

In the complaint, Plaintiff simply alleges that her damages exceed $15,000. (Doc. 2 at 5, 7). Thus, it is not facially apparent from the complaint that the amount-in-controversy requirement has been met. Defendant alleges that the back and front pay claimed by Plaintiff combined with an award of non-economic damages, punitive damages,

---

[1] Defendant was served with the complaint on November 3, 2014, and filed its notice of removal on November 24, 2014. (Doc. 1). Thus, Defendant falls within the requisite thirty-day window and is not restricted in the evidence it may rely upon in proving the jurisdictional amount.

and attorney's fees more likely than not exceeds the amount-in-controversy requirement. (Docs. 1, 11).  Defendant also asserts that Plaintiff's refusal to stipulate to an amount in controversy less than $75,000 lends support to its contention that the jurisdictional threshold has been met.[2]  (Doc. 11 at 18-19; Ex. 1).

In support of its contention, Defendant submitted evidence that Plaintiff's average gross monthly wage for the year prior to her termination was $1,055.85.  (Doc. 1, Ex. C). As such, Defendant calculates Plaintiff's claim for back pay from the date of termination through an estimated trial date of twenty-four months from the date the complaint was filed as $43,289.  (Doc. 11 at 12).  Plaintiff contends that Defendant's back-pay estimate is inaccurate because Defendant impermissibly included damages through the date of trial and did not account for possible mitigation.  (Doc. 7 at 3).  According to Plaintiff, her unmitigated damages amount to no more than $20,000.  (*Id.*).

As to Plaintiff's claim that Defendant should have factored possible mitigation into its calculation of back pay for removal purposes, courts will generally "consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation."  *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1243 (M.D. Fla. 2011); *see also Taylor v. Air Atlanta Icelandic*, No. 11-60289-CIV, 2011 WL 1131086, at *2 (S.D. Fla. Mar. 25, 2011) (rejecting the plaintiff's argument that the

---

[2]However, Plaintiff did agree that "she will not ask for damages in excess of $65,000 and that her current fees are less than $5,000."  (Doc. 11, Ex. 1 at 2).  It is unclear from the language utilized by Plaintiff whether the "damages" she agreed to include all damages sought. Additionally, Plaintiff makes it clear that the figure does not include attorney's fees.  As such, Plaintiff has failed to stipulate that her *total* damages will not exceed $75,000.

defendant was required to factor mitigation into its calculation of back pay for jurisdictional purposes because the plaintiff provided no evidence of mitigation). Here, Plaintiff has not submitted any evidence regarding possible mitigation. Because Plaintiff presented no evidence of mitigation, the Court concludes that Defendant need not factor such mitigation into its calculation of Plaintiff's back pay for purposes of establishing the jurisdictional amount.

As to Plaintiff's contention that back pay should be calculated as of the date of removal rather than through the date of trial, this Court has previously held that back-pay damages may be calculated through the proposed date of trial. *See Hallmeyer v. Gateway Clippers LLC*, No. 8:12-cv-2876-T-30TBM, 2013 WL 268643, at *2 (M.D. Fla. Jan. 24, 2013); *see also Fusco*, 806 F. Supp. 2d at 1244. Accordingly, the Court accepts Defendant's calculation of back pay at $43,289.[3] Defendant also calculates twelve months of front pay at $12,670, resulting in combined damages for front pay and back pay of $55,959.

In addition to about $55,959 in back pay and front pay, Plaintiff also seeks punitive damages, attorney's fees, and damages associated with emotional distress. (Doc. 2 at 8, 9). Under the FCRA, punitive damages are recoverable but limited to $100,000. *See* Fla. Stat. § 760.11(5). The FCRA also permits an award of attorney's fees. *See id.* Defendant

---

[3]Defendant assumes that the case will proceed to trial within no more than two years after the filing of the complaint. (Doc. 11 at 12). Because Plaintiff has not objected to Defendant's estimated trial date and Middle District of Florida Local Rule 3.05(c)(2)(E) provides that Track 2 cases, like this case, will likely proceed to trial within one to two years after the filing of the complaint, the Court accepts without further comment Defendant's estimated trial date.

has provided evidence that Plaintiff has incurred approximately $5,000 in attorney's fees as of the date of removal. (Doc. 11, Ex. 1 at 2). Conservatively, assuming that Plaintiff was awarded just ten percent of the maximum allowable punitive damages and her attorney's fees doubled by the date of trial,[4] Plaintiff's claim for damages would meet the jurisdictional requirement even without factoring in potential damages associated with emotional distress.[5] *See McDaniel v. Fifth Third Bank*, 568 Fed App'x 729, 731 (11th Cir. 2014) ("Any inquiry into whether [the plaintiff] *would* actually recover these amounts [of punitive damages] is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that he *could*."); *see also Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *3 (S.D. Fla. Apr. 17, 2012) (concluding that a reasonable amount of attorney's fees should be included in determining the amount in controversy in an FCRA case removed to federal court).

As to Plaintiff's claim for damages associated with emotional distress, Florida courts have found that "in a 'typical' age discrimination case, where a plaintiff experiences no physical injury and presents no medical or psychological evidence of emotional pain and suffering, noneconomic damages should not exceed the $5000 to 30,000 range." *Ernie*

---

[4]This is an extremely conservative estimate of attorney's fees. *See, e.g.*, *Van Voorhis v. Hillsborough Bd. of Cnty. Comm'rs*, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244 (M.D. Fla. July 18, 2008) (awarding prevailing plaintiff's two counsel a combined total of $104,799.50 for an age discrimination case that proceeded through trial and was brought pursuant to the Age Discrimination in Employment Act ("ADEA") and the FCRA).

[5]If the Court accepted Plaintiff's agreement that her total damages exclusive of attorney's fees was approximately $65,000 and her total attorney's fees incurred until this point are $5,000 (Doc. 11, Ex. 1 at 2), then it would not be unreasonable to assume that Plaintiff would incur an additional $5,000 in attorney's fees through the date of trial such that the amount in controversy would be $75,000.

*Haire Ford, Inc. v. Atkinson*, 64 So. 3d 131, 132 (Fla. 2d DCA 2011) (citing *City of Hollywood v. Hogan*, 986 So. 2d 634, 649-50 (Fla. 4th DCA 2008)). Based on Plaintiff's complaint, nothing suggests that the emotional distress experienced by Plaintiff was beyond that which would have been experienced by most individuals suddenly terminated from their jobs for unsavory reasons. That Plaintiff may receive a potential award for noneconomic damages in the $5,000 to $30,000 range further supports Defendant's assertion that Plaintiff's damages are likely to exceed the jurisdictional threshold. *See also Holland v. Gee*, No. 8:08-cv-2458-T-33AEP, 2012 WL 5845010, at *1 (M.D. Fla. Oct. 23, 2012), *report and recommendation adopted by* 2012 WL 5845344 (M.D. Fla. Nov. 19, 2012) (noting an award of $10,000 for mental pain and emotional suffering awarded in a jury trial based on a typical claim of sex discrimination under the FCRA and Title VII).

Construing Plaintiff's damages as a whole and applying its "judicial experience and common sense," the Court concludes that Defendant has established that Plaintiff's damages more likely than not exceed $75,000. *See Roe*, 613 F.3d at 1062. This conclusion is further supported by the amount of such damages awarded in comparable FCRA cases and Plaintiff's failure to stipulate to an amount of total damages below the jurisdictional amount. *See Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014) (factoring damages awarded in similar FCRA cases and the plaintiff's refusal to stipulate to an amount in controversy less than $75,000 into the Court's assessment of whether the jurisdictional amount has been satisfied). As such, Plaintiff's motion for remand should be denied.

**II. Motion to Dismiss**

Defendant argues that Plaintiff's complaint should be dismissed because she has failed to allege a sufficient factual basis to support a claim for age or disability discrimination under the FCRA. (Doc. 5). Defendant also alleges that to the extent Plaintiff asserts a claim for retaliation, her claim for retaliation should be dismissed because Plaintiff did not exhaust administrative remedies with respect to a retaliation claim, and, in any event, such claim is insufficiently plead. (Doc. 5 at 11-13).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**1. Age Discrimination (Count I)**

To establish a claim of age discrimination under the FCRA, which is evaluated under the same framework as claims brought pursuant to the ADEA, Plaintiff must allege the following elements: "(1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was

9

rejected." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999); *see also Zaben v. Air Prods. & Chems.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997) ("Age discrimination claims brought under the [FCRA] have been considered within the same framework used to decide actions brought pursuant to the ADEA.").

Reviewing Plaintiff's complaint, she alleges that she was within the protected class and that she was subjected to an adverse employment action—termination. (Doc. 2). Plaintiff also generally alleges that she was replaced with a younger coworker. (Doc. 2 at 3). However, Plaintiff does not provide the age of coworker with which she was allegedly replaced, i.e., whether she was under the age of forty, such that the Court can determine whether Plaintiff was replaced with an individual outside the protected class. Also, nowhere in the complaint does Plaintiff allege that her job performance was satisfactory.[6] To the extent Plaintiff's claim of adverse employment action is based on a failure to promote rather than her termination, Plaintiff has similarly failed to allege that she was qualified to perform the positions to which she applied and that the positions were given to individuals outside the protected class.

Accordingly, Plaintiff's claim for age discrimination should be dismissed, but within fourteen (14) days, Plaintiff may file an amended complaint correcting the deficiencies noted above.

---

[6]Plaintiff avers that she was treated differently than a similarly-situated, thirty-year-old coworker in that she was disciplined more harshly than him for similar behavior. (Doc. 2 at 4). While this allegation supports Plaintiff's contention of age discrimination, in light of the deficiencies previously noted, it is insufficient to support her claim of age discrimination standing alone.

10

## 2. Disability Discrimination (Count II)

The Court evaluates an FCRA disability discrimination claim using the same framework as claims under the Americans with Disabilities Act ("ADA"). *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007). To establish that she was discriminated against on the basis of a disability, therefore, Plaintiff must demonstrate that she (1) is disabled, (2) was qualified to perform the essential functions of the job that she holds or seeks with or without reasonable accommodation, and (3) was subjected to discrimination because of her disability. *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000); *see also Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000).

Disability, with respect to an individual, is defined in the ADA as (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) "a record of such an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). According to the Equal Employment Opportunity Commission regulations, major life activities include: "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2(i). Plaintiff alleges disability under the FCRA based on her diabetes and its related conditions, which she alleges limits one or more of her major life activities. (Doc. 2 at 2). She also alleges that Defendant was aware of her disability. (*Id.*). Thus, Plaintiff has alleged sufficient facts to establish that she has a disability at the motion to dismiss stage. Nevertheless, Plaintiff has not provided any plausible connection between her disability and Defendant's employment actions.

As such, Plaintiff's claim for disability discrimination should be dismissed, but within fourteen (14) days, Plaintiff may file an amended complaint correcting the deficiencies noted above.

### 3. Retaliation

In order to establish an FCRA claim for retaliation, Plaintiff must show that (1) she participated in an activity protected under the FCRA; (2) she suffered an adverse employment action, and (3) a causal connection between participation in the protected activity and the adverse employment action. *Olmstead v. Defosset*, 205 F. Supp. 2d 1316, 1320-21 (M.D. Fla. 2002). Both Defendant and Plaintiff contend that Plaintiff states a claim for retaliation in her complaint because Plaintiff utilizes the word "retaliation." (Doc. 2 at 6, 9). But under Federal Rule of Civil Procedure 10(b), each claim must be stated separately in the complaint. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996) (noting that a proper complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming"). Plaintiff has not alleged a separate claim for retaliation, and, therefore, the Court concludes that Plaintiff's complaint does not contain a claim for retaliation.

But even if the use of the word "retaliation" in Plaintiff's complaint was sufficient to state a claim for retaliation under Rule 10(b), Plaintiff has failed to allege sufficient facts supporting a claim for retaliation because she does not allege that she participated in statutorily protected activity and that her participation in such activity was connected to Defendant's employment action.

Defendant also contends that any claim for retaliation by Plaintiff is barred because she did not exhaust her administrative remedies as to a claim of retaliation. (Doc. 5 at 11-13). Defendant's assertion is generally correct in that a party normally cannot raise charges in a civil proceeding not contained in his or her Equal Employment Opportunity Commission ("EEOC") charge. *See Henderson v. Dade Cnty. Police Benevolent Ass'n*, No. 14-20321-CIV-MORENO, 2014 WL 3591600, at *4 (S.D. Fla. July 18, 2014). But Plaintiff contends that a claim of retaliation can be inferred from her EEOC charge. (Doc. 8 at 6-7). The Court disagrees. In the EEOC charge, Plaintiff alleges that her hours were reduced when she informed her manager of the limitations of her disability. (Doc. 5, Ex. A). Plaintiff's allegations support her claim for disability discrimination, but does not support a claim for retaliation because the facts as alleged do not show that Plaintiff was engaged in a statutorily protected activity, such as reporting discrimination. Thus, Plaintiff may not raise a claim for retaliation based on actions occurring prior to the filing of her EEOC charge.

It is unclear from the complaint whether Plaintiff filed her EEOC charge before or after her termination of employment with Defendant. If Plaintiff filed her charge prior to her termination and can allege facts showing retaliation against her for filing the EEOC charge, then a claim for retaliation may still be properly asserted. *See Henderson*, 2014 WL 3591600, at *4 (noting an exception to the EEOC exhaustion requirement where the claim for retaliation arises after the filing of the EEOC complaint).

Thus, contrary to Defendant's and Plaintiff's assertions, the Court concludes that Plaintiff has not even plead a claim for retaliation in her complaint, and, even if Plaintiff

had, such claim is insufficiently plead. Thus, there is no claim to dismiss, but, to the extent Plaintiff desires to raise a claim for retaliation, Plaintiff may raise such claim in an amended complaint within fourteen (14) days of the date of this Order provided she can do so within the parameters discussed above.

### III. Motion to Strike

Finally, Defendant requests that certain portions of Plaintiff's complaint be stricken. (Doc. 5 at 13-17). Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." But striking an allegation from a pleading is an extreme measure and will rarely be granted. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) ("A motion to strike is a drastic remedy . . . which is disfavored by the courts." (citations and internal quotation marks omitted)). Generally, a motion to strike will "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

Specifically, Defendant requests that the Court strike the following paragraphs from Plaintiff's complaint:

> 13. During her time at Racetrac Ms. Wineberger repeatedly applied for and inquired about being promoted to management.
>
> 14. Ms. Wineberger, on at least one occasion, asked the store manager at Defendant's Weeki Wachee, Florida location if there was an age limit to be eligible for promotion. The manager responded; "Younger associates catch on faster than [older] associates.

15. During the course of Ms. Wineberger's employment, her job duties were changed to include upselling older products to customers in order to clear inventory. This process made the Plaintiff uncomfortable, and she initiated a conversation with Mr. Kelly regarding same.

27. The above represents only a portion of the discriminatory and disparate treatment that Plaintiff Wineberger was subjected to and is only a summary of Defendant's violations of the Florida Civil Rights Act and FCRA.

32. The allegations described above represent only a fraction of the inappropriate, discriminatory treatment and conduct by Defendant directed at Plaintiff Wineberger.

39. Plaintiff Wineberger is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not fully known. As such discriminatory practices become known, Plaintiff Wineberger will seek leave of Court to amend this Complaint in that regard.

41. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against her, Plaintiff Wineberger has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress. Plaintiff Wineberger has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Wineberger is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49. The allegations described above represent only a fraction of the inappropriate, discriminatory treatment and conduct by Defendant directed at Plaintiff Wineberger.

50. Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff to disparate treatment in violation of Chapter 760.

56. Plaintiff Wineberger is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not fully known. As such discriminatory practices become known, Plaintiff Wineberger will seek leave of Court to amend this Complaint in that regard.

>    58. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against her, Plaintiff Wineberger has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress. Plaintiff Wineberger has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Wineberger is thereby entitled to general and compensatory damages in amounts to be proven at trial.

(Doc. 2).

As to paragraphs 27, 32, 39, 49, and 56, Defendant argues that the allegations are "scandalous, impertinent, and immaterial to the allegations of the lawsuit." (Doc. 5 at 14). While the Court agrees that the allegations contained in these paragraphs are vague and add no value to Plaintiff's complaint, the Court disagrees that the allegations are so scandalous and impertinent that they should be stricken.

Next, Defendant alleges that paragraphs 41 and 58 should be stricken to the extent they are intended to assert a claim of retaliation. (Doc. 5 at 15). As the Court has already addressed the matter of Plaintiff's retaliation claim, or lack thereof, it is unnecessary to consider striking these allegations. Similarly, the Court finds that Defendant's request to strike paragraphs 13 and 14 should be denied because the Court previously addressed Plaintiff's pleading deficiency regarding her allegations of failure to promote.

Defendant argues that paragraph 50 should be stricken because an individual plaintiff cannot allege a claim for a pattern or practice of discrimination under the FCRA. (Doc. 5 at 17). Rather, Defendant asserts that a pattern or practice claim can only be brought pursuant to a class action. Although the allegation may be untenable, because the allegation does not prejudice Defendant, the Court finds it unnecessary to strike it.

Finally, Defendant contends that paragraph 15 should be stricken because it is unrelated to Plaintiff's claims and slanderous to Defendant's reputation. (Doc. 5 at 16-17). The Court agrees that this allegation seemingly has no relationship to Plaintiff's claims, but does not agree that the allegation is overly prejudicial to Defendant and should be stricken.

For the foregoing reasons, Defendant's motion to strike paragraphs 13, 14, 15, 27, 32, 39, 41, 49, 50, 56, and 58 of Plaintiff's complaint should be denied.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand (Doc. 7) is DENIED.

2. Defendant's request for attorney's fees in opposing the motion to remand (Doc. 11 at 19) is DENIED.

3. Defendant's Motion to Dismiss (Doc. 5) is GRANTED without prejudice to Plaintiff to amend her complaint.

4. Defendant's Motion to Strike (Doc. 5 at 15-17) is DENIED.

5. Within fourteen (14) days of the date of this Order, Plaintiff may file an amended complaint correcting the deficiencies discussed herein. Failure to file an amended complaint within this time will result in closure of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of January, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\14-653 Wineberger v. Racetrac Petro., Inc. Mot. to Remand.docx