# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

DEBORAH WINEBERGER,

      Plaintiff,

v.                                     Case No:  5:14-cv-653-Oc-30PRL

RACETRAC PETROLEUM, INC.,

      Defendant.

_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant RaceTrac Petroleum, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17) and Plaintiff's response in opposition thereto (Doc. 18).  The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Defendant's motion to dismiss Plaintiff's amended complaint should be granted in part and denied in part.

## BACKGROUND

**1.  Procedural Background**

Plaintiff initiated this action against Defendant, her former employer, for violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.01-.11, alleging claims of employment discrimination pursuant to the FCRA against Defendant based on age (Count I) and disability (Count II).  (Doc. 2).  Defendant filed a motion to dismiss Plaintiff's complaint (Doc. 5), which the Court granted, but provided Plaintiff leave to file

an amended complaint.  (Doc. 13).  Plaintiff then filed an amended complaint purporting to correct the deficiencies outlined in the Court's order on Defendant's first motion to dismiss.  (Doc. 15).  Defendant now moves to dismiss Plaintiff's amended complaint. (Doc. 17).

## 2.  Factual Background

According to the amended complaint, Plaintiff, who is over fifty-five years old, was employed as an associate with Defendant from some unspecified time in 2008 until May 2013.  (Doc. 15).  Plaintiff alleges that she was qualified to perform her job, she performed satisfactorily, and that she was not written up for job performance during her tenure with Defendant.  (*Id.* at 1-2).  Plaintiff suffers from insulin-dependent diabetes and neuropathy, and Defendant was aware of Plaintiff's diabetic condition.  (*Id.*).

While working for Defendant, Plaintiff alleges that she applied for the assistant manager position on several occasions, but that she was never promoted.  (*Id.* at 2).  When she asked manager Mike Kelly to explain why she was not promoted, he responded, "Younger associates catch on faster than older associates."  (*Id.*).  Plaintiff asserts that she was qualified to perform the duties of the assistant manager position, but that the position was filled instead with an associate in her early thirties.  (*Id.* at 3).

Plaintiff also alleges that Mike Kelly began reducing her hours in order to replace Plaintiff with a female employee in her early twenties.  (*Id.* at 4).  Finally, Plaintiff contends that she was fired for not paying for merchandise and for taking steps to treat her medical condition, when a thirty-year-old employee who had stolen merchandise was merely transferred to another store.  (*Id.* at 4).  She alleges that she was punished more severely

than younger employees and non-disabled employees. (*Id.* at 4, 9). Thus, Plaintiff contends that the basis for her termination was pretextual. As a result of this alleged discriminatory conduct, Plaintiff seeks to recover back pay, front pay (or reinstatement), punitive damages, and damages for emotional distress, pain and suffering, and mental anguish, pre- and post-judgment interest, costs, and attorney's fees. (*Id.* at 7, 9).

## **DISCUSSION**

Defendant contends that Plaintiff's amended claim for age discrimination should be dismissed to the extent she alleges a claim for failure to promote because she failed to exhaust a claim for failure to promote in her charge filed with the Equal Employment Opportunity Commission. (Doc. 17). Additionally, Defendant argues that Plaintiff's claim for disability discrimination should be dismissed because Plaintiff did not allege specific facts establishing disability discrimination. (*Id.*).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## 1. Age Discrimination

In her response, Plaintiff clarifies that she is not asserting a claim for failure to promote under the FCRA. (Doc. 18 at 1-2). Rather, Plaintiff explains that her allegations regarding Defendant's failure to promote her are intended to show Defendant's discriminatory intent regarding Plaintiff's age. In light of Plaintiff's explanation, Defendant's request to dismiss Plaintiff's claim for age discrimination based upon failure to promote is denied as moot.

## 2. Disability Discrimination

Defendant argues that Plaintiff has failed to plead facts establishing that she was subject to discrimination on account of her disability. (Doc. 17 at 8-11). The Court evaluates an FCRA disability discrimination claim using the same framework as claims under the Americans with Disabilities Act ("ADA"). *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007). To establish that she was discriminated against on the basis of a disability, therefore, Plaintiff must demonstrate that she (1) is disabled, (2) was qualified to perform the essential functions of the job that she holds or seeks with or without reasonable accommodation, and (3) was subjected to discrimination because of her disability. *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000); *see also Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000).

In its order on Defendant's first motion to dismiss, the Court stated that Plaintiff failed to provide a plausible connection between her disability and Defendant's employment actions. (Doc. 13 at 11). Plaintiff's amended complaint is similarly deficient. Plaintiff has still failed to allege facts establishing that her termination from employment

with the Defendant was related to her disability.  Thus, Defendant's motion to dismiss should be granted as to Plaintiff's disability discrimination claim, but within fourteen (14) days of the date of this Order, if she wishes, Plaintiff may file a second amended complaint.

## <u>CONCLUSION</u>

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Defendant RaceTrac Petroleum, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17) is GRANTED in part and DENIED part.

2.      Count II of Plaintiff's amended complaint (Doc. 15) is DISMISSED.  Within fourteen (14) days of the date of this Order, Plaintiff may file an amended complaint correcting the deficiencies discussed herein.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of March, 2015.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record