# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**DEBORAH WINEBERGER,**

    **Plaintiff,**

**v.**                                               **Case No: 5:14-cv-653-Oc-30PRL**

**RACETRAC PETROLEUM, INC.**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's motion to compel. (Doc. 30). While the motion broadly asks the Court to order Defendant to "answer interrogatories and to produce all documents related to similarly situated employees who were accused of theft including the personnel files and discipline records that show what employment action, if any, was taken against each such employee," it appears that Plaintiff is really focused on the production of the personnel file for Stacy Hedge, as requested in Request for Documents No. 1 (Plaintiff's Second Request for Production of Documents).[1] Defendant's only objection to producing Ms. Hedge's personnel file was timeliness. (Doc. 29-4 at 5). The Court will overrule the timeliness objection in light of the clear relevance of this information to Plaintiff's claims of disparate treatment and Plaintiff's representation that the request for Ms. Hedge's personnel file resulted from the narrowing of

---

[1] In her motion, Plaintiff explains that although her initial discovery requests were broader, she narrowed the initial requests to Ms. Hedge's personnel file. (Doc. 29 at 2). In Request for Documents No. 1, Plaintiff seeks: The complete personnel file for Stacy Hedge including, but not limited to, all investigative records for allegations that Stacy Hedge stole merchandise and/or money from Defendant, all documentation relating to disciplinary actions, if any, for such allegations and all documents related to her transfer from Plaintiff Store to another Store location." (Doc. 29-3 at 12).

- 2 -

Plaintiff's initial (and timely) discovery requests.[2] Accordingly, Plaintiff's motion to compel (Doc. 30) is **GRANTED** to the extent that within **ten (10) days** of this Order, Defendant shall produce all documents responsive to Plaintiff's Request for Documents No. 1, Second Request for Production of Documents.

However, to the extent that Plaintiff is seeking to compel additional discovery, such requests are due to be **DENIED** because Plaintiff's motion fails to clearly identify the relevant discovery requests and responses in direct violation of Local Rule 3.04. As such, the Court is left to guess which requests are at issue. Before filing any further motions, Plaintiff's counsel is **REMINDED** of her obligation to confer in good faith pursuant to Local Rule 3.01(g).

**DONE** and **ORDERED** in Ocala, Florida on August 18, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Defendant disputes that Ms. Hedge's file was responsive to Plaintiff's initial discovery requests. The initial requests sought information regarding "similarly situated" employees. Defendant represents that in its April 6, 2015 production, it produced the identity and documents concerning over 200 employees Defendant found to have engaged in the same or similar conduct (i.e., theft) as Plaintiff – but that it did not include Ms. Hedge because although she was accused of theft, Defendant ultimately found that she had not engaged in such conduct. Regardless of whether Ms. Hedge's file was truly responsive to the initial discovery requests, it is clearly relevant to Plaintiff's theory of the case, and thus, will be produced. *See e.g.*, Doc. 25 at 3 (discussing in the order on Defendant's motion to dismiss how Plaintiff highlighted a "similar incident" involving Ms. Hedge in support of her theory of the case).