**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DEBORAH WINEBERGER,

    Plaintiff,

v.                                                               Case No: 5:14-cv-653-Oc-30PRL

RACETRAC PETROLEUM, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Deborah Wineberger's Second Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 42) and Defendant Racetrac Petroleum, Inc.'s response in opposition (Doc. 45). The Court having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Plaintiff's motion to remand should be denied.

Defendant removed Plaintiff's Florida Civil Rights Action ("FCRA") on November 24, 2014, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). On December 3, 2014, Plaintiff filed a motion to remand, asserting that Defendant had not established that the $75,000 jurisdictional amount had been satisfied. (Doc. 7). On January 16, 2015, the Court denied Plaintiff's motion to remand, concluding that Defendant had presented sufficient evidence that the amount in controversy had been met. (Doc. 13).

On October 5, 2015, Defendant filed a motion for summary judgment. (Doc. 35). In response, Plaintiff filed a second motion to remand, asserting that evidence of mitigation, which was revealed after the original motion to remand was resolved, reduced the jurisdictional amount below $75,000.[1] (Doc. 42).

Specifically, Plaintiff asserts that one month after she was terminated from employment with Defendant, she began receiving Social Security Disability benefits in the amount of $1,200.00. (Doc. 42, Ex. A). As such, Plaintiff asserts that her damages for front pay and back pay are only equal to one month's pay or no greater than about $900.00 which is significantly less than $55,959.00 calculated by Defendant for front and back pay at the time of removal. (*Id.* at 2). However, at this stage of the proceedings, Plaintiff's calculations are mistaken. Generally, Social Security benefits are considered a collateral source of income and would not be offset against an award of back pay. *See Dominguez v. Tom James Co.*, 113 F.3d 1188, 1190-91 (11th Cir. 1997); *Brown v. A.J. Gerrard Mfg. Co.*, 715 F.2d 1549, 1550 (11th Cir. 1983); *see also Biffar v. GCA Servs. Grp., Inc.*, No. 8:15-cv-1154-T-33TGW, 2015 WL 4042103, at *2 (M.D. Fla. July 1, 2015) (concluding that Social Security Disability benefits should not be deducted when calculating back pay in an FCRA case); *Wallner v. Hilliard*, No. 3:11-CV-359-CRS, 2015 WL 1979704, at *10-13 (W.D. Ken. Apr. 30, 2015) (explaining in detail the rationale for applying the collateral

---

[1]Plaintiff also raises arguments that were previously considered and rejected by the Court in the original motion to remand. (Doc. 42). Because Plaintiff has not presented a valid reason justifying reconsideration of those arguments, the Court declines to address them and concludes that its previous analysis stands as to those points. *See Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) (concluding that reconsideration of arguments the Court has already rejected is inappropriate unless the movant can show (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice).

source rule to Social Security benefits). Thus, at this time, the Court declines to deduct Plaintiff's Social Security Disability benefits from Plaintiff's potential award of back pay.

Consequently, Plaintiff's income from Social Security Disability does not affect Defendant's previous estimate of Plaintiff's back pay damages of $43,289.00. Additionally, in her second motion to remand, Plaintiff asserts that her noneconomic damages amount to $20,000.00 to $25,000.00 and she has incurred under $20,000.00 in attorney's fees up to this point in the case, which accords with the Court's previous analysis on Plaintiff's original motion to remand. (Doc. 13). Therefore, taking into account back pay, noneconomic damages, and attorney's fees, and not considering any award of punitive damages or compensation for lost benefits, the amount in controversy in this case still exceeds the jurisdictional threshold despite this new evidence regarding Plaintiff's Social Security Disability benefits.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff Deborah Wineberger's Second Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 42) is DENIED.

2. Defendant's request for attorney's fees (Doc. 45) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of December, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record